IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

MARK TSCHERNE,
    Plaintiff,

v.                                                  Case No.: 15-C-_____

THE OFFICES OF ROCKWELL          Hon. Judge _____
COPELAND & ROTH, LLC.,               Civil Action No. 2:16-cv-01490
    Defendant.

## COMPLAINT

COMES NOW the Plaintiff, MARK TSCHERNE, by counsel Daniel K. Armstrong, Esq., and for his Complaint against the defendant, THE OFFICES OF ROCKWELL, COPELAND & ROTH, LLC., the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. MARK TSCHERNE, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Dunbar, County of Kanawha, State of West Virginia.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to HSBC (hereinafter, "the Debt").

6. The debt that Plaintiff allegedly owed HSBC was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. Upon information and belief, Defendant purchased, acquired and/or otherwise obtained the debt for the purpose of collection from Plaintiff.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. THE OFFICES OF ROCKWELL, COPELAND & ROTH, LLC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of West Virginia. Defendant's principal place of business is located in the State of New York Defendant is registered as a limited liability company in the State of New York. Defendant is not licensed to collect debts in the state of West Virginia.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

15. On or about December 15, 2015, Plaintiff received a telephone call from Mr. John Belfort, a duly authorized representative of Defendant, who stated Defendant was a "legal processing firm" and calling in reference in to a civil lawsuit that was filed against Plaintiff in an attempt to collect the Debt. Defendant further informed Plaintiff that "either he or his legal counsel" should call Defendant back to discuss "mitigation of the litigation" that had been filed against Plaintiff. Additionally, Plaintiff told Mr. Belfort to contact his attorney and provided the contact information.

16. During the call on December 15, 2015 Mr. Belfort said that Plaintiff needed to pay up or he would have to pay attorney's fees from the law suit that Mr. Belfort's collections company would be filing.

17. The aforementioned representation had the effect of conveying to an unsophisticated consumer that a lawsuit had been filed against Plaintiff for the Debt and that Plaintiff was going to be served with summons relative to the putative complaint that had been filed against him.

18. Defendant's representations, as delineated above, were false, deceptive and misleading given that, upon information and belief, no lawsuit has been filed against Plaintiff relative to the Debt.

19. Defendant's representations, as delineated above, misrepresented the character, amount, and/or legal status of the Debt given that, upon information and belief, no lawsuit has been filed against Plaintiff relative to the Debt.

20. During the course of its telephone call with Plaintiff, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

21. Upon information and belief, Defendant has not filed a lawsuit against Plaintiff for the Debt.

22. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the Debt.

23. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the Debt.

24. On or about December 17, 2015, Plaintiff received a second telephone call from Defendant; Mr. Belfort who yelled at plaintiff and threatened to sue Plaintiff if Plaintiff did not pay Defendant.

25. The aforementioned representation had the effect of conveying to an unsophisticated consumer that a lawsuit had been filed against Plaintiff for the Debt and that Plaintiff was going to be served with summons relative to the putative complaint that had been filed against him.

26. Defendant's representations, as delineated above, were false, deceptive and misleading given that, upon information and belief, no lawsuit has been filed against Plaintiff relative to the Debt.

27. Defendant's representations, as delineated above, misrepresented the character, amount, and/or legal status of the Debt given that, upon information and belief, no lawsuit has been filed against Plaintiff relative to the Debt.

28. During the course of its telephone call with Plaintiff, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

29. On or about December 18, 2015, Defendant placed a third telephone call to Plaintiff and called Plaintiff's spouse at a separate cell phone number to demand payment or they would sue her for the debt.

30. The aforementioned representation had the effect of conveying to an unsophisticated consumer that a lawsuit had been filed against Plaintiff for the Debt and that Plaintiff was going to be served with summons relative to the putative complaint that had been filed against him.,

31. Defendant's representations, as delineated above, were false, deceptive and misleading given that, upon information and belief, no lawsuit has been filed against Plaintiff relative to the Debt.

32. Defendant's representations, as delineated above, misrepresented the character, amount, and/or legal status of the Debt given that, upon information and belief, no lawsuit has been filed against Plaintiff relative to the Debt.

33. During the course of its telephone call with Plaintiff, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

34. In or around December 21 2015, Defendant initiated a telephone call to Plaintiff' and left a message on his cell home that he wanted an agreement or he would sue and assess the costs of the litigation against Plaintiff.

35. During the course of the aforementioned telephone conversation, Defendant disclosed that it was a debt collector and that Plaintiff owed a debt.

36. Plaintiff did not consent to Defendant contacting third parties.

37. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the Debt, with written confirmation of the amount of the Debt, the name of the creditor to whom the Debt is owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the Debt, or any portion thereof, the Debt will be assumed to be valid by the debt collector.

38. In its attempts to collect the debt allegedly owed by Plaintiff to HSBC, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

    b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    c. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    d. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    e. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    f. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

    g. Failed to comply with the provisions of 15 U.S.C. §1692g(a);

    h. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

39. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

40. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MARK TSCHERNE, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.


**MARK TSCHERNE**
**By Counsel**

_____
Daniel K. Armstrong (# 11520)
*Counsel for Plaintiff*
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane WV 25526
(304) 562-7111
Fax: (304) 562-7115